UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH REAGAN CARTER-MADDOX,<br><br>Plaintiff,<br><br>v.<br><br>CONCORD POLICE DEPARTMENT,<br><br>Defendant. | No. 2:25-cv-03016-TLN-SCR<br><br><br><br>ORDER |

    Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff's request for leave to proceed in forma pauperis ("IFP") is incomplete. The Court will deny the motion and allow Plaintiff leave to file a renewed motion or pay the filing fee.

    The motion makes an insufficient showing to proceed in forma pauperis ("IFP"). The Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal citation and quotation omitted). The current application contains several omissions. For example, the third question asks Plaintiff to list "other income" in six different categories, and Plaintiff has not responded to that question. ECF No. 2 at 1. Plaintiff asserts he has zero income from wages and zero assets, but also states that he does not have any monthly expenses, debts, or

other financial obligations. *Id.* at 2. Each question that Plaintiff answers is answered in the same manner, by writing a zero. It may be that Plaintiff qualifies for IFP status, but the current application is incomplete and provides the Court with insufficient information.

If Plaintiff is ultimately allowed to proceed in forma pauperis, the Court will screen the complaint under 28 U.S.C. § 1915(e), which provides that a court "shall dismiss the case at any time if the court determines" that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from such relief. Although the Court has not yet formally screened the complaint, the Court observes that it is quite brief and does not appear to adequately put Defendant Police Department on notice of the claims against it. Plaintiff alleges that he was "attacked" and "excessive force" was used. ECF No. 1 at 4. He further asserts he was handcuffed and placed in the emergency room "after being beaten in my face." *Id.* at 5. It appears that Plaintiff is attempting to assert a claim under 42 U.S.C. § 1983, although the statute is not referenced. Plaintiff's allegations do not identify where this alleged assault occurred, on what date or time it occurred, or who was involved. A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Additionally, Plaintiff has not named the officers involved, but rather the Police Department or "street team" is the defendant. A local governmental unit or municipality is only liable under § 1983 if a policy, custom, or practice caused the particular constitutional violation at issue. *See Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) ("[M]unicipalities, including counties and their sheriff's departments, can only be liable under § 1983 if an unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'"). Plaintiff makes no allegations suggesting a policy, practice, or custom caused the alleged constitutional violation.

Plaintiff may, if he chooses, file an amended complaint.  *See* Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course …").

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to proceed IFP (ECF No. 2) is DENIED.
2. Plaintiff shall file a renewed motion to proceed in forma pauperis to address the deficiencies set forth herein within 21 days of the date of this Order.
3. Alternatively, Plaintiff may pay the filing fee within 21 days.
4. If Plaintiff does not file a renewed motion for IFP or pay the filing fee within 21 days, the Court will recommend that this action be dismissed.
5. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: November 4, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE